UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case Action No. 05-cv-1438-RPM-CBS

SHELLI STONE and BRUCE STONE,
individually and as Representatives of the Estate
of DEVIN STONE, Deceased,
    Plaintiffs,
v.

WILLIAM R. DEAGLE, M.D., and
NUTRIMEDICAL, INC., d/b/a
DR. WILLIAM R. DEAGLE, M.D.,
    Defendants.

## MEMORANDUM ORDER REGARDING DEFENDANT DEAGLE'S MOTION TO STRIKE PLAINTIFFS' PRELIMINARY F.R.C.P. 26(a)(2) EXPERT WITNESS DISCLOSURES

Magistrate Judge Craig B. Shaffer

    THIS MATTER comes before the court on Defendant Deagle's Motion to Strike Plaintiffs' Preliminary F.R.C.P. 26(a)(2) Expert Witness Disclosures (doc. # 70), filed on October 31, 2006. Dr. Deagle's motion argues that Plaintiffs' expert disclosures should be struck based a failure to comply with the disclosure requirements of Fed.R.Civ.P. 26(a)(2)(B). In their Response to Defendant's Motion to Strike, filed on November 29, 2006, Shelli and Bruce Stone contend that their failure to comply fully with their expert disclosure obligations was substantially justified and caused no prejudice to Defendant Deagle.

    By memorandum dated November 1, 2006, Defendant's Motion to Strike Plaintiffs' Preliminary Expert Witness Disclosures was referred to this court for decision. On December 13,

2006, the court heard oral argument on the pending motion. After carefully considered the parties' arguments, the entire case file and the applicable case law, I denied Defendant's Motion to Strike and stated on the record the bases for that decision. This Memorandum Order will further explain that ruling.

## BACKGROUND

This court had an opportunity to describe the procedural history of this case in its Memorandum Order Regarding Plaintiffs' First Motion For Extension Of Time to Designate Expert Witnesses (doc. # 77), dated November 14, 2006. On June 5, 2006, I entered a Fed.R.Civ.P. 16 Scheduling Order that adopted the discovery cut-off date (June 15, 2007) and dispositive motion deadline (July 15, 2007) proposed by the parties. In the same Scheduling Order, Plaintiffs were directed to designate experts and provide Rule 26(a)(2)(B) disclosures on or before October 27, 2006, while Defendants were required to provide expert disclosures on or before January 31, 2007.[1] I directed Plaintiffs to designate rebuttal experts on or before April 30, 2007.

The Stones filed their First Motion for Extension of Time to Designate Expert Witnesses (doc. # 67) on October 25, 2006. As grounds for the requested relief, Plaintiffs claimed that "neither the Plaintiffs, nor, the Defendants, were able to go forward with depositions" tentatively scheduled for July 5 and 10, 2006. Plaintiffs also argued that an extension was necessary because

> difficulties arose in the re-scheduling of the depositions of the parties in this case.
> Defendants insisted that they be allowed to take the depositions of the Plaintiffs
> prior to the deposition of the Defendant. Further, Defendant Deagle resides
> outside of the United States, in Nova Scotia, which necessitates the coordination
> of travel arrangements for all counsel to travel to Nova Scotia for this deposition.

---

[1] These expert disclosure deadlines had been proposed by the parties.

2

Plaintiffs insisted that despite their "good faith and diligent efforts to schedule the deposition of Dr. Deagle, the deposition was not able to be scheduled prior to Plaintiffs' expert disclosure deadline."

This court denied Plaintiffs' First Motion For Extension Of Time to Designate Expert Witnesses in its November 14th Memorandum Order. Under the facts of this particular case, I concluded that Plaintiffs had failed to satisfy the "good cause" standard mandated by Rule 16(b).[2]

On October 27, 20076, Plaintiffs served their "Preliminary F.R.C.P. 26(a)(2) Expert Witness Disclosures." Those disclosures identified two retained experts, Drs. Bennett and Furmansky, as well as 19 physicians or medical professionals who provided medical care or treatment to Devin Stone. With respect to Dr. Bennett, "a physician specializing in pain management," Plaintiffs provided a *curriculum vitae*, a fee schedule, and a list of prior deposition and trial testimony. The "Preliminary Disclosures" also indicate that Dr. Bennett "has reviewed the medical records pertaining to Devin Stone from William Deagle, M.D., Safeway Pharmacy, Ross Wilkins, M.D., Scott Barkley, M.D., Joseph Mendoza, M.D. and Maria Droste Services." Dr. Furmansky, Plaintiffs' other retained expert, is identified as "a physician specializing in psychiatry." Defendant was provided with a copy of Dr. Furmansky's *curriculum vitae*, but was told that Dr. Furmansky's fee schedule, as well as his deposition and trial testimony "will be supplemented" at some unspecified point in the future. Dr. Furmansky apparently reviewed the same medical records provided to Dr. Bennett. Plaintiffs' October 27th disclosures, however, do not provide any description of the opinions or testimony that Dr. Bennett and Dr. Furmansky will

---

[2]On November 30, 2006, Plaintiffs filed a Motion to Reconsider Magistrate Judge's Order Entered on November 14, 2006 (doc. # 85). At the conclusion of the December 13th hearing, the court denied that Motion to Reconsider for the reasons stated on the record.

3

offer at trial, or the bases for such opinions.[3]  These deficiencies are the subject of Defendant's instant motion to strike.

## ANALYSIS

Rule 26(a)(2)(A) explicitly states that "a party shall disclose to other parties the identity of *any person* who may be used at trial to present evidence under Rule 702, 703, or 705 of the Federal Rules of Evidence." *See* Fed.R.Civ.P. 26(a)(2)(A) (emphasis added). *See also Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 501 (D. Md. 1997) (even in the case of a "hybrid" witness who will provide both factual testimony and expert opinions, a party must still disclose that witness' identity under Rule 26(a)(2)(A)). This disclosure obligation must take the form of a signed written report when the expert is "a witness who is retained or specifically employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony." *See* Fed.R.Civ.P. 26(a)(2)(B). Experts falling within these categories "must prepare *a detailed and complete* written report, stating the testimony the witness is expected to present during direct examination, together with the reasons therefor."[4]  *See* Advisory Committee Notes to 1993 Amendments to Fed.R.Civ.P. 26(a) (emphasis added). *See also Reed v. Binder*,

---

[3]During the hearing on December 13th, Plaintiffs' counsel advised the court and Defendant that his clients were withdrawing Dr. Furmansky's designation as an retained expert witness in this case.  Plaintiffs' counsel also indicated that a supplemental expert report by Dr. Bennett was served on Defendant on or about November 30, 2006.

[4]Rule 26(a)(2)(B) requires a written report that contains "a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness as testified as an expert at trial or by deposition within the preceding four years." Fed.R.Civ.P. 26(a)(2)(B).

4

165 F.R.D. 424, 428 n. 6 (D. N.J. 1996) (an expert report should indicate "'what' the expert saw, heard, considered, read, thought about or relied upon in reaching the conclusions and opinions to be expressed").

The drafters of the 1993 Amendments anticipated that Rule 26(a)(2)(B) disclosures would eliminate unfair surprise to an opposing party and promote the efficient use of resources.

> The information disclosed under the former rule in answering interrogatories about the "substance" of expert testimony was frequently so sketchy and vague that it rarely dispensed with the need to depose the expert and often was even of little help in preparing for a deposition of the witness. Revised Rule 37(c)(1) provides an incentive for full disclosure; namely, that a party will not ordinarily be permitted to use on direct examination any expert testimony not so disclosed.

*See* Advisory Committee Notes to 1993 Amendments to Fed.R.Civ.P. 26(a). Another court has observed that Rule 26

> contemplates that each expert will work diligently to amass the factual data necessary for his expert analysis and, having done that, will prepare and submit a timely and comprehensive report complying fully with the requirements of Rule 26(a)(2)(B). With that report in hand, and on the basis of the justifiable assumption that the report as submitted may be relied upon as a definitive disclosure of the testimony (including the opinions and bases therefor) of the expert, the opposing party will be in a position . . . to determine whether to "arrange for expert testimony from other witnesses . . . ."

*Dixie Steel Erectors, Inv. v. Grove U.S., LLC*, 2005 WL 3558663, *9 (W.D. Ok. 2005). *See also Salgado v. General Motors Corp.*, 150 F.3d 735, 741 n. 6 (7th Cir. 1998) ("expert reports are to be a detailed and complete statement of the testimony of the expert on direct examination"); *Sharpe v. United States of America*, 230 F.R.D. 452, 458 (E.D. Va. 2005) (noting that an "expert's report must be 'detailed and complete' in order to 'avoid the disclosure of sketchy and vague expert information'").

In contrast to the retained expert, the Advisory Committee Notes to Rule 26(a)(2)(B)

5

state that "a treating physician . . . can be deposed or called to testify at trial without any requirement for a written report." *See* Advisory Committee Notes to 1993 Amendments to Fed.R.Civ.P. 26(a)(2)(B). Presumably, a written report from a treating physician is not necessary because the treating physician prepares contemporaneous notes documenting his observations, findings and treatment regime. *See Sprague v. Liberty Mutual Ins. Co.*, 177 F.R.D. 78, 81 (D.N.H. 1998).

As a practical matter, the disclosure requirements under Rule 26(a)(2)(B) should not turn on the expert's label or classification. *Harvey v. United States*, 2005 WL 3164236, *8 (D. Colo. 2005). It is the substance of the expert's testimony, not the status of the expert, which dictates whether a Rule 26(a)(2)(B) report will be required. *See Gomez v. Rivera Rodriguez*, 344 F.3d 103, 113 (1st Cir. 2003), citing *Patel v. Gayes*, 984 F.2d 214, 218 (7th Cir. 1993).[5] Thus, a written report is appropriate when a treating physician intends to offer testimony at trial with regard to the applicable standard of care. *Harville v. Vanderbilt University, Inc.*, 2003 WL 22025028 (6th Cir. 2003).

> The determinative issue is the scope of the proposed testimony. For example, a treating physician requested to review medical records of another health care provider in order to render opinion testimony concerning the appropriateness of the care and treatment of that provider would be specifically retained notwithstanding that he also happens to be the treating physician.

*Wreath v. United States*, 161 F.R.D. 448, 450 (D. Kan. 1995). "A treating physician who has formulated opinions going beyond what was necessary to provide appropriate care for the injured party steps into the shoes of a retained expert for purposes of Rule 26(a)(2)." *Thomas v.*

---

[5] Although *Patel* was decided prior to the 1993 Amendment to Fed.R.Civ.P. 26, the reasoning underlying that decision remains persuasive. *Zurba v. United States*, 202 F.R.D. 590, 592 (N.D. Ill. 2001). *Cf. Davoll v. Webb*, 194 F.3d 1116, 1138 (10th Cir. 1999).

*Consolidated Rail Corp.*, 169 F.R.D. 1, 2 (D. Mass. 1996). Similarly, when a treating physician's information or opinions were developed for trial, or where their expert testimony will concern matters not based on observations during the course of treatment, the treating physician will be required to prepare a written report. *See Washington v. Arapahoe County Department of Social Services,* 197 F.R.D. 439, 441-42 (D. Colo. 2000). *See also Zarecki v. National Railroad Passenger Corp.*, 914 F. Supp. 1566, 1573 (N.D. Ill. 1996) (rejecting plaintiff's argument that a treating physician was exempt from reporting requirement where the physician's testimony concerned professional opinions developed for trial).

More importantly, the rationale for timely expert designations does not distinguish between retained and non-retained experts.

> Formal disclosure of experts is not pointless. Knowing the identity of the opponent's expert witnesses allows a party to properly prepare for trial. [Defendant] should not be made to assume that each witness disclosed by the [Plaintiffs] could be an expert witness at trial. The failure to disclose experts prejudiced [Defendant] because there are countermeasures that could have been taken that are not applicable to fact witnesses, such as attempting to disqualify the expert testimony . . . , retaining rebuttal experts, and holding additional depositions to retrieve the information not available because of the absence of a report.

*Musser v. Gentiva Health Services*, 356 F.3d 751, 757-58 (7th Cir. 2004) (internal citations omitted).

It cannot be disputed that Plaintiffs' Preliminary Expert Witness Disclosures are deficient under Rule 26(a)(2)(B). The October 27th disclosures do not provide, or even purport to include, "a complete statement of all opinions to be expressed" by Drs. Bennett and Furmansky, "and the basis and reasons therefor." *See* Fed.R.Civ.P. 26(a)(2)(B). Plaintiffs cannot circumvent the expert disclosure requirements by characterizing their disclosures as "preliminary" reports. *Cf.*

*Smith v. State Farm Fire and Casualty Co.*, 164 F.R.D. 49, 53-54 (S.D. W.Va. 1995) (excluded experts based upon the insufficiency of "preliminary" expert reports). Rule 26(a)(2)(B) does not contemplate the submission of a "preliminary" expert report. *Cf. Beller v. United States*, 221 F.R.D. 689, 695 (D.N.M. 2003) (in rejecting plaintiff's attempt to serve "supplemental" expert reports, noted that the use of "preliminary" expert reports would circumvent the full disclosure requires of Rule 26 and interfere with the court's ability to set case management deadlines); *In re TMI Litigation Cases Consolidated II*, 922 F. Supp. 997, 1005 n. 9 (M.D. Pa. 1996) (suggesting that a "preliminary report" exposes the opposing party to unfair surprise and the risk of ambush), *rev'd in part on other grounds*, 193 F.3d 613 (3d Cir. 1999). To the contrary, an opposing party is entitled to rely on a written report "as a definitive statement of the expert's direct testimony and of the basis for that testimony." *Dixie Steel Erectors, Inc. v. Grove U.S. LLC*, 2005 WL 3558663, *6 (W.D. Ok. 2005) (noting that expert disclosures under Rule 26 should not be an iterative process). *See also Kern River Gas Transmission Co. v. 6.17 Acres of Land*, 156 Fed.Appx. 96, 102 (10th Cir. 2005) (noting that a "preliminary" expert report does not comply with Rule 26(a)(2), which requires a "complete statement of all opinions to be expressed and the basis and reasons therefor").

Rule 37(a)(3) of the Federal Rules of Civil Procedure acknowledges that an incomplete disclosure should be treated as a failure to disclose. Rule 37 also states that where a party fails to make a disclosure required by Rule 26(a), that party may not use at trial any witness or information not so disclosed, unless the court determines that the failure to disclose was substantially justified or harmless. *See* Fed.R.Civ.P. 37(c)(1). The non-moving party has the burden of showing that they were substantially justified in failing to comply with Rule 26(a)(1) or

that the failure to disclose was harmless. *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D. Kan. 1995).

> The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court. A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose. Nevertheless, the following factors should guide its discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.

*Woodworker's Supply, Inc. v. Principal Mutual Life Insurance Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

Based upon the available record, I cannot find that Plaintiffs' failure to comply with Rule 26(a)(2)(B) was substantially justified. To satisfy the "substantial justification" requirement under Rule 37(c), the Stones must proffer a justification that would satisfy a reasonable person that parties could differ as to whether Plaintiffs were required to comply with their disclosure obligations. *KW Plastics v. U.S. Can Co.*, 199 F.R.D. 687, 690 (M.D. Ala. 2000). The Stones suggest that their ability to provide comprehensive expert disclosures was hindered by "numerous scheduling difficulties surrounding the scheduling of the deposition of Defendant Deagle." *See* Plaintiffs' Response, at 2. As I explained in my November 14th Memorandum Order, the Stones' motion for an extension of the expert disclosure deadline was devoid of any facts that would support a finding that Plaintiffs exercised due diligence in attempting to comply with deadlines established in the Rule 16 Scheduling Order. Counsel's recycled claims of due diligence are no more persuasive in the context of the pending motion.[6] It is difficult to understand how a

---

[6]In support of their Motion to Reconsider Magistrate Judge's Order, Plaintiffs submitted their Exhibit A, which consists of written and e-mail correspondence between counsel, and

9

violation of Rule 26(a)(2)(B) could be "substantially justified" when Drs. Bennett and Furmansky admittedly had access to pertinent medical records from Dr. Deagle, as well as records prepared by three of Devin Stone's treating physicians. Perhaps unintentionally, the Stones' response brief offers some insight into their failure to comply with their Rule 26(a)(2)(B) obligations in a timely manner. As Plaintiffs explained,

> Defendant Deagle has not yet been deposed in this case, an event which would normally occur prior to the disclosure of the opinions of Plaintiffs' experts. Based on the procedural posture of this case Plaintiffs will be required to submit the opinions of their experts prior to the deposition of Defendant Deagle. As a result, Defendant Deagle will have the benefit of these disclosures at the time of his deposition.

*See* Plaintiffs' Response, at 5. Plaintiffs' desire to avoid a tactical disadvantage does not substantially justify a violation of Rule 26(a)(2)(B), particularly given their failure to pursue discovery in a diligent manner.

The court can also decline to impose sanctions under Rule 37(c) if I find that the Stones' non-compliance was harmless. A "failure to comply with the mandate of the Rule is harmless when there is no prejudice to the party entitled to the disclosure." *Nguyen v. IBP, Inc.*, 162 F.R.D. at 680. In this case, Plaintiffs argue that any violation of Rule 26(a)(2)(B) is harmless because "ample time . . . remain[s] for the parties to complete discovery in this matter," and because "Defendants have ample opportunity to obtain the depositions of Plaintiffs' experts and

---

Exhibit B, an affidavit from Plaintiffs' lead counsel, Jim Leventhal. Presumably, these exhibits could have accompanied Plaintiffs' First Motion for Extension of Time to Designate Expert Witnesses. These belatedly tendered exhibits hardly constitute "new evidence." *Cf. United States v. ex rel. Lynch v. Sandahl,* 793 F. Supp. 787, 796 (N.D. Ill. 1992) (holding that a motion for reconsideration may not be employed as a vehicle to introduce new evidence that could have been produced earlier). Moreover, I find that these exhibits do not refute my earlier finding that Plaintiffs failed to sustain their burden of persuasion under Fed.R.Civ.P. 16(b).

disclosure their expert witnesses prior to the discovery cut off deadline in this case." *See* Plaintiffs' Response, at 5. However, "late disclosure is not harmless within the meaning of Rule 37 simply because there is time to reopen discovery." *Finwall v. City of Chicago*, ___ F.R.D. ___, 2006 WL 1491316, *6 (N.D. Ill. 2006), citing *Gregory v. Oliver*, 2002 WL 31972165, *1 (N.D. Ill. 2002) (the opportunity to depose expert does not make up for inadequate expert report).

While Rule 37(c)(1) is written in mandatory terms, it also vests the court with discretion to impose "other appropriate sanctions" in addition to or in lieu of an order striking witnesses or evidence not properly disclosed. *See Woodworker's Supply, Inc. v. Principal Mutual Life Insurance Co.*, 170 F.3d at 993 (recognizing that Rule 37(c) vests broad discretion with the trial court). *See also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (noting that the district court's discretion should be given particularly wide latitude in imposing sanctions under Rule 37(c)(1)); *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico*, 248 F.3d 29, 34 (1st Cir. 2001) (holding that district courts have broad discretion in meting out Rule 37(c) sanctions for Rule 26 violations). Other courts have declined to strike expert witnesses in the wake of incomplete or inadequate disclosures. *Cf. Washington v. Arapahoe County Department of Social Services,* 197 F.R.D. at 441 (held that failure to provide timely expert report in compliance with scheduling order did not warrant striking expert; plaintiff's conduct was not sufficiently willful to justify excluding testimony of experts); *Tomlin v. Holecek*, 158 F.R.D. 132, 136 (D.Minn. 1994) (held that testimony of expert witness would not be excluded, despite proffering party's unjustified failure to make required disclosures, given that disputed testimony was crucial and burden on moving party of allowing testimony was not onerous)

In exercising my discretion under Rule 37(c)(1), I take note of certain facts that seem germane to the selection of an appropriate sanction. First, under Colorado law, the plaintiff in a medical malpractice case has the burden to establish a *prima facie* case of negligence, which includes the controlling standard of care and the defendant's failure to adhere to that standard. Plaintiff must establish the latter elements through expert opinion testimony. *Melville v. Southward*, 791 P.2d 383, 387 (Colo. 1990). If granted, the pending Motion to Strike might well be case dispositive. While Rule 37(c)(1) contemplates that disclosure violations may result in the exclusion of expert witnesses, there is also a well-recognized policy favoring disposition of cases on their merits. *Cf. F.D.S. Marine, LLC v. Brix Maritime Co.*, 211 F.R.D. 396, 400 (D. Or. 2001). The court also remains mindful that exclusion of evidence is an drastic sanction. *Summers v. Missouri Pacific Railroad System*, 132 F.3d 599, 604 (10th Cir. 1997).

Second, the record suggests that defense counsel's own schedule contributed to the difficulty in scheduling depositions. While defense counsel's competing time constraints do not absolve Plaintiffs of their responsibility to press ahead diligently with discovery or to seek the court's intervention if necessary to ensure that discovery moves forward in a timely manner, they do temper Defendant's claim of prejudice. *Cf. Freeland v. Amigo*, 103 F.3d 1271, 1278-79 (6th Cir. 1997) (in a medical malpractice action, denied defendant's motion to strike plaintiffs' expert witness; held that defendant should not be rewarded for delay that his counsel in part caused).

Finally, I note that the extreme sanction requested in Defendant's motion would be borne by Plaintiffs alone. The available record does not suggest that the Stones were responsible for their counsel's failure to comply with Rule 26(a)(2)(B). Indeed, Plaintiffs may not have fully

12

appreciated the slow progression of pretrial proceedings.[7]  Generally, a client is accountable for his counsel's negligent conduct or omissions.  *Cf. Community Dental Services v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002).  However, in this case, the court is reluctant to impose a dispositive sanction against individuals who did not contribute to the dilatory conduct in question.  *Cf. Vinci v. Consolidated Rail Corp*., 927 F.2d 287 (6th Cir. 1991) (observing that "[d]ismissal is usually inappropriate where the neglect is solely the fault of the attorney"); *Haley v. Kansas City Star*, 761 F.2d 489, 491 (8th Cir. 1985) (holding that dismissal was inappropriate where there was no indication that plaintiff was involved in his attorney's non-compliance with court orders); *Burns v. MacMeekin*, 722 F.2d 32, 35 (3rd Cir. 1983) (dismissal as a discovery sanction was not appropriate where the only culpable individual may have been plaintiffs' counsel and plaintiffs were not personally guilty of any lack of diligence).

Accordingly, for the foregoing reasons, Defendant's Motion to Strike Plaintiffs' Preliminary F.R.C.P. 26(a)(2) Expert Witness Disclosures (doc. # 70) is DENIED.  The court will not strike Plaintiff's expert disclosures, finding that an extreme sanction is unwarranted under the particular facts of this case.  However, the court cannot ignore Plaintiffs' failure to comply with the parties' Scheduling Order and the requirements of Rule 26(a)(2)(B).  For that violation, some

---

[7]Contrary to the District Court's own rules, Plaintiffs' First Motion for Extension of Time to Designate Expert Witnesses does not include the Stones on the certificate of service.  *See* D.C.COLO.LCivR 61.D (requiring that a copy of any motion for extension of time or motion for continuance be served on the moving attorney's client).  The Stones also were not included on certificates of services which accompanied Plaintiffs' Motion for Additional Time to File Objections to Magistrate's Order (doc. # 85), Plaintiffs' Motion for Extension of Time to File Response to Defendants' Motion for Judgment on the Pleadings Regarding Plaintiff's (sic.) Second Claim for Relief (doc. # 29), and Plaintiffs' Motion for Extension of Time to File Response to Defendants' Motion for Judgment on the Pleadings on Plaintiffs' Third Claim for Relief (doc. # 19).

remedial action is appropriate.  I will extend the deadline for disclosure of Defendant's experts from January 31, 2006 to March 2, 2007, and extend the deadline for disclosure of rebuttal experts from April 30, 2007 to May 15, 2007.  Plaintiffs should take appropriate steps to ensure that Dr. Bennett is available for a timely deposition prior to March 2, 2007.  Finally, the court will require Plaintiffs' counsel to pay the reasonable fees and costs incurred by Defendant Deagle in connection with the pending Motion to Strike.  If the parties cannot agree on the amount of fees and costs to be paid, Defendant should file a Bill of Costs within ten (10) days of this Memorandum Order.

DATED this 14th day of December, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge