IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01438-RPM-CBS

SHELLI STONE, and
BRUCE STONE, individually and as representatives of
the Estate of DEVIN STONE, deceased,
      Plaintiffs,
v.

WILLIAM R. DEAGLE, M.D.,
      Defendant.

## ORDER REGARDING PLAINTIFFS' BILL OF COSTS

Magistrate Judge Craig B. Shaffer

    THIS MATTER comes before the court on Plaintiffs' Bill of Costs (doc. # 140) which seeks to recover attorneys fees incurred in "preparing and arguing" Plaintiffs' Motion to Compel Discovery (doc. #108). On May 11, 2007, this court granted in part and denied in part Plaintiffs' Motion to Compel. The court specifically allowed Plaintiffs to re-open Defendant Deagle's deposition for an additional two hours, based upon defense counsel's inappropriate conduct during that deposition. To avoid the problems that plagued Dr. Deagle's first deposition, I directed that Defendant's deposition take place at the District Court and I required Dr. Deagle to bear the costs of travel from his residence in Halifax, Nova Scotia to Denver, Colorado. The court required defense counsel to pay the reasonable fees and costs incurred by Plaintiffs in preparing and arguing their Motion to Compel Discovery. *Cf. Frazier v. Southeastern Pennsylvania Transportation Authority*, 161 F.R.D. 309, 317 (E.D. Pa. 1995) (requiring plaintiff's counsel to compensate

opposing party for costs and attorneys fees where counsel bore responsibility for the conduct that necessitated plaintiff's re-deposition). Defendant Deagle's Response to Plaintiffs' Bill of Costs (doc. # 146) contends that Plaintiffs have failed to sustain their burden of showing an entitlement to fees and costs that Dr. Deagle characterizes as "patently unreasonable."

By Order of Reference dated August 2, 2005, this matter was referred to the Magistrate Judge to, *inter alia*, "hear and determine pretrial matters, including discovery and other non-dispositive motions." The court has carefully considered the points raised in the parties' papers and exhibits, the entire case file and the applicable case law, and is sufficiently advised in the premises. I do not find that oral argument would materially assist the court in resolving the pending issues. For the following reasons, Plaintiffs' Bill of Costs is granted in part and denied in part.

Rule 37(a)(4)(A) provides that if a motion to compel is granted, the court shall require the party whose conduct necessitated the motion or the attorney advising such conduct to pay to the moving party the reasonable expenses incurred in making the motion to compel, including attorney's fees, unless the court finds that the non-moving party's actions were substantially justified or other circumstances make an award of expenses unjust. *See* Fed.R.Civ.P. 37(a)(4)(A). Rule 37 sanctions are imposed "not merely to reimburse the wronged party or penalize the offending party, but to deter others from engaging in similar conduct." *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). "[T]he limit of any sanction should be that amount reasonably necessary to deter the wrongdoer." *White v. General Motors Corp.*, 908 F.2d 675, 685 (10th Cir. 1990).

Under Rule 37, the party seeking an award of fees and costs bears the burden of

demonstrating that the requested fees, and related hours, are reasonable. *Cf. Ellis v. University of Kansas Medical Center*, 163 F.3d 1186, 1202 (10th Cir. 1998) (holding that a fee applicant bears the burden of proof on the issue of "reasonableness"). In determining the "reasonableness" of requested fees and costs, the trial court is vested with considerable discretion and may properly rely on its own experience to estimate the time reasonably required for the work claimed. *See Fischer v. Sysco Food Services of Central Alabama*, 2006 WL 2480166 *1 (M.D. Ala. 2006); *Spegon v. Catholic Bishop of Chicago*, 989 F. Supp. 984, 988 (N.D. Ill. 1998). The court remains mindful that a request for fees should not spawn a new series of disputes that merely prolong the litigation. *Cf. Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Services*, 532 U.S. 598, 609 (2001).

Plaintiffs' Bill of Costs incorporates an hourly rate of $600.00 for Mr. Leventhal and $300.00 per hour for Ms. Parker. *But see Heavener v. Meyers*, 158 F. Supp.2d 1278, 1285 (E.D. Okla. 2001) (citing *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983)) (in determining a reasonable hourly rate, the court should consider, but is not necessarily bound by, the attorney's normal billing rate). Both Mr. Leventhal and Ms. Parker have provided a brief description of their professional experience. *See* D.C.COLO.LCivR 54.3 (requiring that any motion for attorney fees "shall include for each person for whom fees are claimed . . . a summary of relevant qualifications and experience"). Each claims to have extensive litigation experience and "knowledge of the reasonableness of attorney's fees in the area of medical malpractice." (*See* docs. # 140-2 and # 140-3). Defendant Deagle disputes the reasonableness of Mr. Leventhal's and Ms. Parker's hourly rates, noting that his counsel have comparable experience and charge only $185 and $170 per hour for their work. Defense counsel have also directed the court's attention to other cases in which

3

courts have awarded fees and costs against Leventhal Brown & Puga using hourly rates substantially lower than those claimed by Mr. Leventhal and Ms. Parker in this case.

In view of the self-serving affidavits tendered by both parties and their counsel, the court will exercise its discretion to determine a reasonable hourly rate based upon its knowledge of fee awards in other reported cases in the United States District Court for the District of Colorado. *Cf. Guides, Ltd. v. Yarmouth Group Property Management, Inc.*, 295 F.3d 1065, 1079 (10th Cir. 2002) ("[w]here a district court does not have before it adequate evidence of prevailing market rates, the court may use other relevant factors, including its own knowledge, to establish the rate"). *See also Uphoff v. Elegant Bath, Ltd.,* 176 F.3d 399, 408 (7th Cir. 1999) (holding that the district court did not abuse its discretion in reducing hourly rates where only self-serving affidavits were offered to establish market rates). In awarding monetary sanctions for discovery violations in *Dewey v. Hewlett-Packard Co.*, 2007 WL 707462 (D. Colo. 2007) (Blackburn, J.), the district judge concluded that reasonable hourly rates for lead defense counsel with 16 years experience and his associate with nine years experience were $300 and $175, respectively. The district judge in *In re Boston Chicken Inc. Securities Litigation*, 2006 WL 2338188 (D. Colo.) (Miller, J.) awarded attorney fees based on a blended hourly rate of $341, but acknowledged that Denver law firms handling complex securities litigation had hourly rates ranging from $275 to $535. In *Lucas v. Kmart Corp.*, 2006 WL 2729260 (D. Colo. 2006) (Kane, J.), the district judge awarded attorney fees based on a "conservative" hourly rate of $330 to class counsel with 18 years of litigation experience on behalf of the disabled community . While a precise comparison between cases or counsel is rarely possible, after reviewing the entire file and considering the backgrounds and performance of counsel over several hearings, I conclude that an hourly rate of $300 for both Mr.

Leventhal and Ms. Parker is reasonable. While Mr. Leventhal has been practicing for a longer period, I do not believe that additional experience warrants a higher hourly rate in the context of a rather uncomplicated motion to compel. *Cf. Green v. Baca*, 225 F.R.D. 612, 616 (C.D. Cal. 2005) (concluding that a reduction in counsel's hourly rate was appropriate where the discovery dispute involved issues "more irksome than complex"); *Jones v. Federated Department Stores, Inc.*, 527 F. Supp. 912, 919 (S.D. Ohio 1981) (noting that where attorneys fees are sought by a prevailing party, it is permissible for the trial court to vary attorney's hourly rate based upon the type of services provided).

Defendant Deagle also challenges the reasonableness of the hours claimed in Plaintiffs' Bill of Costs. The court is inclined to agree. In calculating fee awards in civil rights cases, it is generally recognized that a prevailing party must make a "good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). *See also Ellis v. University of Kansas Medical Center*, 163 F.3d 1186, 1202 (10th Cir. 1998) (noting that while counsel for the prevailing party must exercise billing judgment, the "district court has a corresponding obligation to exclude hours not 'reasonably expended' from the calculation"). I see no reason to depart from that standard in awarding reasonable fees and costs under Rule 37(a)(4)(A). In this case, the court concludes that some of counsel's time entries are excessive and should be deleted or reduced.

Turning to Mr. Leventhal's affidavit, he claims that he spent 4.5 hours "reviewing and outlining the deposition of Dr. Deagle in preparation for the Motion to Compel and for Sanctions,"

using "Livenote" software.[1]   It is reasonable to assume that Mr. Leventhal would have reviewed Dr. Deagle's deposition transcript even in the absence of a discovery dispute.  *Cf. Mosaid Techs. Inc. v. Samsung Electronics Co.*, 224 F.R.D. 595, 598-99 (D. N. J. 2004) (refusing to award fees for work that likely would have been performed in the absence of a discovery dispute, although tangentially related to the sanctions motion).  *See also Primex, Inc. v. Visiplex Technologies, Inc.*, 2006 WL 538992, *3 (W.D. Wis. 2006) (declining to award attorneys fees for time spent completing tasks that would have been performed regardless of whether a motion to compel was filed); *Creative Resources Group of New Jersey, Inc. v. Creative Resources Group, Inc.*, 212 F.R.D. 94, 104 (E.D.N.Y. 2002) (holding that a party could not recover fees under Rule 37(a) for work that would have been incurred in the course of normal discovery).

Additionally, the court notes that Mr. Leventhal's deposition review seems to duplicate the efforts undertaken by his colleague, Ms. Parker, who claims 4.3 hours spent conducting a "brief overview of realtime deposition of Dr. Deagle to determine types of objectionable behavior" and "delineat[ing] Deagle deposition behavior into categories of improper conduct."  *Cf. Plummer v. Chemical Bank*, 592 F. Supp. 1168, 1172 (S.D.N.Y. 1984) (reducing by 50% the hours claimed by the prevailing party after finding "considerable inefficiencies and duplication of effort" which included, *inter alia*, "partners doing work easily and ordinarily performed by junior associates").  Under the circumstances, I will deny Mr. Leventhal's request for 4.5 hours allocated to deposition review.  Ms. Parker's request for 4.3 hours seems excessive in light of her presumed access to the

---

[1]The manufacturer of LiveNote software advertizes that this computer program allows counsel to "run sophisticated full-text searches across all transcripts in your case to quickly retrieve the most critical testimony" and "annotate and analyze all your transcripts."  *See* http://www.livenote.com/manage.asp.

LiveNote software.  I will reduce Ms. Parker's time for viewing the Deagle deposition to 2.5 hours.  I also find that Ms. Parker's request for 1.1 hours expended in conducting various miscellaneous tasks on March 20, 2007 is either duplicative of other work expended on the Motion to Compel or not sufficiently necessary to the Motion to be reimbursable.

Ms. Parker is claiming 3.2 hours spent doing "legal research for motion to compel – federal rules and committee comments; treatises, case law."  The Motion to Compel was 12 pages in length and included citations to Fed.R.Civ.P. 30, D.C.COLO LCivR 30.3, Moore's Fed. Pract. § 26.06[3], and nine reported decisions.  In her affidavit, Ms. Parker states that since receiving her license to practice law in 1984, she has "taken hundred (sic) of depositions and prepared hundreds of motions."  Given that wealth of experience, 3.2 hours of research seems excessive and the court will reduce those hours.  *Cf. Stover v. Riley*, 30 F. Supp.2d 501, 504-05 (E.D. Pa. 1998) (finding excessive and reducing by one-third the time counsel spent doing research and document review after noting that counsel's affidavit demonstrated specialization in the substantive area of law raised by lawsuit).  I find that Ms. Parker should be reimbursed for 1.5 hours of research.  Similarly, I will not require defense counsel to pay for the hour Mr. Leventhal spent "reviewing the case law applicable to the Motion to Compel and for Sanctions."  Mr. Leventhal evidently felt that Ms. Parker had the necessary experience to research and draft a persuasive motion to compel.  I do not believe that defense counsel should pay additional attorneys fees simply because Mr. Leventhal elected to argue the motion himself.

Finally, the court will reduce the requested 2.5 hour that Mr. Leventhal claims for "oral argument . . . on the Motion to Compel and for Sanctions."  (*See* doc. # 140-2 at ¶ 4).  Based upon my review of the audio tape from the May 11, 2007 hearing, that portion of the hearing

pertaining to Plaintiffs' Motion to Compel lasted approximately 100 minutes.  I will require defense counsel to pay for 1.4 hours of Mr. Leventhal's time at the May 11 hearing.

Accordingly, the court accepts Plaintiffs' Bill of Costs subject to the foregoing reductions. Defense counsel is hereby required to pay to Plaintiffs within sixty (60) days of this Order, the amount of $2,850.

DATED at Denver, Colorado this 19th day of November, 2007.

BY THE COURT:

    s/Craig B. Shaffer
United States Magistrate Judge